IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-989-FL

| | | |
|---|---|---|
| PRANEETH SAMALLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIKA SCOTT, Acting Director, U.S. | ) | ORDER |
| Citizenship and Immigration Services, | ) | |
| KRISTI NOEM, Secretary, Department of | ) | |
| Homeland Security, and PAM BONDI, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court upon defendants' motion to dismiss (DE 10), and plaintiff's motion captioned as one to "Retain Jurisdiction and Monitor Processing at [National Visa Center]" (DE 9). There is also a motion for leave to amend made a part of plaintiff's response to defendants' motion to dismiss. (DE 14). For the following reasons, defendant's motion is granted, and plaintiff's motions are denied.

## BACKGROUND

Plaintiff, proceeding pro se, began this action by complaint filed October 15, 2024, against various defendants involved in the immigration process. Plaintiff requests that court issue a writ of mandamus against defendants to compel them expeditiously to process his petitions for alien relatives, filed on behalf of plaintiff's wife and daughter, respectively. Plaintiff also pleads

---

[1] The court constructively amends the caption to reflect the succession of certain public officials originally named in the complaint. Fed. R. Civ. P. 25.

1

substantially the same claim and requested relief under the auspices of the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

The facts alleged are taken from the complaint and plaintiff's motion following. Plaintiff is a citizen of the United States, while his wife is a permanent resident of Canada and a citizen of India. (Compl. (DE 1) ¶ 5). On October 26, 2023, plaintiff filed "Form I-130 Petition for Alien Relative on behalf of his wife, the Beneficiary, and their daughter," for which the United States Citizenship and Immigration Services ("USCIS") issued receipt numbers. (Id. ¶ 10). The crux of the complaint is that the petitions have been pending for almost a year, resulting in separation between plaintiff and his family, and remain unadjudicated. (Id. ¶¶ 12–14).

Sometime after the complaint was filed and prior to February 28, 2025, the date his motion seeking the court to superintend USCIS's processing was filed, the petitions were in fact approved. (Mot. Retain Jurisdiction (DE 9) 1). Defendants move to dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and the doctrines of standing and mootness. As noted, plaintiff's response to this motion includes a motion for leave to amend the complaint.

**COURT'S DISCUSSION**

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[2] Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B.  Analysis

Defendants argue this action should be dismissed for mootness and for lack of standing, and that plaintiff's motion for leave to amend should be denied for the latter reason.

Standing under Article III is "a bedrock constitutional requirement" which serves to limit the powers of federal courts to adjudicate only cases and controversies. FDA v. All. for Hippocratic Med., 602 U.S. 367, 378 (2024). To establish standing to sue, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Id. at 380. Because the second and third requirements are "often flip sides of the same coin[,]" the "two key questions" in most standing disputes are injury and causation. Id. at 380–81.

A case becomes moot, and so no longer a case or controversy under Article III, when the issues presented are no longer live, or the parties lack a legally cognizable interest in the outcome. Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiff['s] particular legal rights." Id.

3

Plaintiff sued to compel USCIS to process the applications.  The applications now have been approved.  Because plaintiff has received the relief he seeks, the suit is moot.  Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

Plaintiff, however, moves for the court to retain jurisdiction and for leave to amend his complaint, requesting that the court monitor and superintend USCIS's processing of the remainder of the immigration process for his wife and daughter.  However, a person has no legally cognizable right in a family member being admitted to the country.  Dep't of State v. Muñoz, 602 U.S. 899, 909 (2024).  Because plaintiff's claim, and asserted injury, rest upon a right that does not exist, he has not suffered an injury for Article III purposes.  Plaintiff therefore lacks standing to file any proposed amended complaint, and Article III requires that the court decline to retain jurisdiction.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 10) is GRANTED.  Plaintiff's motion to retain jurisdiction (DE 9) is DENIED.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  Insofar as plaintiff's opposition brief (DE 14) presents a motion for leave to amend, that motion is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge